MATTER OF HAMLIN

In Visa Petition Proceedings

A-21761104

A-21761106

A-21761108

Decided by Board August 29, 1975

Despite birth in an independent country of the Western Hemisphere, an alien child within the purview of section 202(b)(1) of the Immigration and Nationality Act, as amended, may be alternately charged to the foreign state of his accompanying alien parent (the beneficiary of an approved visa petition according him immediate relative status) and within such alternate chargeability may be accorded preference classification under section 203(a)(5) of the Act, as amended, conditioned on the later simultaneous applications by him and his accompanying parent for visas and for admission to the United States.

ON BEHALF OF PETITIONER: Franklin S. Abrams, Esquire
One Penn Plaza
250 West 34th Street
New York, New York 10001

The United States citizen petitioner applied for preference status for the beneficiaries as his brother and sisters under section 203(a)(5) of the Immigration and Nationality Act. In a decision dated May 28, 1974 the district director denied the petition on the ground that preference categories were not available to natives of the Western Hemisphere. The petitioner moved for reconsideration on the ground that the beneficiaries were alternately chargeable to the country of birth of their father under the provisions of section 202(b)(1) of the Act. In a decision dated September 11, 1974, the district director denied the motion on the ground that no evidence had been submitted that the beneficiaries' father had been admitted as a lawful permanent resident of the United States or classified as an immediate relative. The district director certified his decision to us.

Each of the beneficiaries was born in British Guiana, which is now the independent country of Guyana. The beneficiaries are all unmarried and under the age of twenty-one. The father of the beneficiaries, and of the petitioner, was born in Surinam (Dutch Guiana), although it appears

that he is now a citizen of Guyana. Surinam is a dependent colony of the Netherlands, and therefore not an independent country of the Western Hemisphere.[1] The petitioner has submitted with the appeal a letter from the American Embassy, Georgetown, Guyana, which he claims to have submitted previously to the district director. The letter, which is dated February 8, 1972, indicates that the father was the beneficiary of an approved visa petition classifying him as an immediate relative.

Section 202(b)(1) of the Act provides in pertinent part:

> an alien child, when accompanied by his alien parent or parents, may be charged to the same foreign state as the accompanying parent or of either accompanying parent if such parent has received or would be qualified for an immigrant visa . . . .

The beneficiaries, though natives of the Western Hemisphere, are statutorily eligible for the benefits of this section, *Matter of Chatterton*, 14 I. & N. Dec. 82 (BIA 1972).

We have not previously considered the precise factual situation presented here. In *Matter of Ascher*, 14 I. & N. Dec. 271 (BIA 1972, 1973), an analogous situation was presented. However, there the beneficiary was not a "child" within the meaning of the Act, and no determination was reached with respect to section 202(b)(1) of the Act. The case was, however, considered in light of section 202(b)(2) of the Act relating to alternate chargeability to the country of birth of an alien spouse. In *Ascher*, the spouse of the beneficiary, although ostensibly eligible for a visa, had not received one. We held that in that situation the district director could grant a conditional approval subject to the subsequent simultaneous application for visas and admission.

We believe that the same approach should be followed here. Section 202(b)(1), like section 202(b)(2), requires that the beneficiary accompany the alien who is conferring the benefit of alternate chargeability. The term "accompany", though not defined in the Act, is defined in 22 CFR 42.1. See also *Matter of Ascher*, supra. There is nothing in the record to indicate that the father ever intends to make use of his approved visa petition. If the beneficiaries do not accompany him, then alternate chargeability is not available to them. Only if alternate chargeability is available may the beneficiaries qualify for the preference status sought.

We shall remand the record to the district director for further inquiry. If he is satisfied that the father of the beneficiaries intends to enter the United States, he may issue a conditional grant of approval subject to later simultaneous applications for visas and admission.

ORDER: The record is remanded.

---

[1] See Department of State, 9 Foreign Affairs Manual, Exhibits II and III to 22 CFR 42.50.